UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

MASHAMA HILL,

                            Plaintiff,                                     **Hon. Hugh B. Scott**

                                                                                  10CV538S

                                                                                   **Order**

                            v.

DANIEL STEWART, et al.,

                            Defendants.
_____

      Before the Court is plaintiff's motion to compel discovery from some of the defendants in this action (Docket Nos. 26[1] (renewing earlier motion), 19). The initial motion was addressed to only some of the defendants, the non-state defendants, and only those defendants were served. Pursuant to Federal Rule of Civil Procedure 5(a)(1)(D) and (d)(1), this Court ordered plaintiff to serve the other defendants with this motion and to file proof of that service with this Court, and to do so by May 27, 2011 (Docket No. 20). Plaintiff then failed to do this and his initial motion was terminated. Plaintiff was given until July 15, 2011, to serve his motion upon all defendants (Docket No. 25), and plaintiff did so by June 29, 2011 (Docket No. 26).

---

[1] In support of this motion, plaintiff submits his motion, Docket No. 26, as well as the prior motion, Docket No. 19; and his response to defendants' response to the motion, Docket No. 34. In response, the Niagara County defendants submitted their attorney's declaration, Docket No. 29. The State defendants also submitted their attorney's declaration, Docket No. 30, arguing that the motion was directed to the Niagara County defendants and not the State defendants, id. ¶¶ 5, 7.

Responses to this motion were due by August 11, 2011 (Docket No. 28; cf. Docket No. 27), with any reply due by August 26, 2011 and the motion being deemed submitted (without oral argument) on August 26, 2011 (Docket No. 28).

BACKGROUND

This is a civil rights action by a pro se plaintiff alleging deprivation of his rights while he was in punitive segregation in the Niagara County Jail. The defendants can be divided into two groups, the State defendants are Daniel Stewart, the former Chairman of the New York State Commission of Correction, and Thomas Beilein, current Chairman of the New York State Commission of Correction and former Niagara County Sheriff (collectively the "State defendants"); and the Niagara County defendants, Sam Muscarella, acting Niagara County Sheriff; Niagara County Jail major John Saxton; Niagara County Jail Captain Duane Vandetta, and Beilein (for allegations as the Sheriff) (Docket No. 1, Compl.) (Muscarella, Saxton, Vandetta, and Beilein in his former capacity as Niagara County Sheriff will be collectively referred to as the "Niagara County defendants"). Plaintiff alleges claims against Beilein in both his county and state official capacities (see Docket No. 13, Defs. Memo. at 2 n.1).

In March and July 2007, plaintiff was issued written misbehavior reports and found guilty of those charges for a series of misconduct actions and violations of Niagara County Jail rules and was sentenced to the punitive segregation unit time (id. at 1, "Statement of Facts"). This occurred again in August 2008 (id.). While serving punitive segregation unit time, plaintiff filed grievances contesting the 2007 and 2008 disciplinary hearings that led to his sentence (id. at 1-2). He also grieved the conditions while in punitive segregation unit time, claiming, for example, that inmates there were denied access to music, a general library, pictures, proper nutrition,

medical examinations and evaluations, and any items from visitors (id. at 2). These grievances were denied and plaintiff appealed the denials to the Commission of Correction which also denied them (id.). The Commission did find that the facility inappropriately took $2.75 from plaintiff's inmate account deposited by his visitors, and inappropriately denied him books and magazines furnished by visitors (id. at 3).

Plaintiff alleges that he was deprived of his rights under the Fifth, Eighth, and Fourteenth Amendments by being deprived of due process, equal protection of the laws, and being subjected to double jeopardy (id. at 4, "Cause of Action"). State defendants Stewart and Beilein, as past and present Chairs of the Commission of Correction, allegedly were responsible for overseeing the functions and administration of all local correctional facilities (that is, the county jails) in New York State (id.). Beilein as Niagara County Sheriff and Muscarella (as Acting Sheriff) were responsible for jail administration for the Niagara County Jail, with Saxton responsible for overseeing and managing jail administration, while Vandetta had oversight over the jail grievance process (id.). Plaintiff claims that defendants deprived him of his rights by "deliberately failing to correct the following conditions" while in the punitive segregation unit: denying plaintiff music and outside communications outlets, denying photographs, denying general library services, and denying proper nutrition (id. at 4-5).

He next claims that defendants violated state regulations in the manner in which these hearings were conducted. First, he contends that the disciplinary hearings did not have a recording mechanism for hearings, that he was deprived the right to personally question a witness, and that he was denied the right to receive a signed disciplinary proceeding disposition. He claims that he was subject to being twice put in jeopardy for the same incident. Plaintiff also

3

claims that the disciplinary hearing process denied him his right to privacy, since the disciplinary proceeding occurred in front of plaintiff's cell within earshot of other inmates. (Id.)

As for his detention in punitive segregation, plaintiff also claims that he was deprived of $2.75 in his inmate account and denied books, magazines, and periodicals from visitors (id.). He alleges that he had "substantial weight loss form lack of proper nutrition while housed" in the Niagara County Jail punitive segregation unit (id. at 5-6), that he suffered constant mental anguish, mood changes, depression, and ambivalence as a result of being deprived of music, pictures, and access to the general library, and the loss of $25 from the facility's money machine (id. at 6). Plaintiff seeks unspecified amounts of compensatory damages, punitive damages, and declaratory relief that defendants stop taking funds deposited by visitors in inmates' accounts and defendants be ordered to allow books and other reading material be allowed into the facility (presumably into the punitive segregation unit) from visitors (id. at 6-7).

The Niagara County defendants, including Beilein (as former Sheriff), answered on January 31, 2011 (Docket No. 9). The Court issued a Scheduling Order (Docket No. 11).

Beilein represented by the New York Attorney General later moved (with Stewart) to dismiss claims against him as a New York State official for lack of subject matter jurisdiction and failure to state a claim (Docket No. 13). They also sought a stay of proceedings during the pendency of this motion to dismiss (id.); this was denied. They first argue that plaintiff failed to establish their personal involvement to make them liable under 42 U.S.C. § 1983 (id. at 5-8). The State defendants assert that plaintiff's due process rights were not violated and they claim immunity under the Eleventh Amendment (id. at 8-9, 9-10). This Court recommended granting

the State defendants' motion (Docket No. 31) and plaintiff filed his Objections to that Report & Recommendation (Docket No. 32).

*Plaintiff's Motion to Compel*

Meanwhile, the County defendants exchanged discovery with plaintiff (Docket Nos. 15, 16) and plaintiff moved to compel discovery from them (Docket No. 26; cf. Docket No. 19, plaintiff's first attempt at filing motion). Plaintiff argues that he served discovery demands upon the Niagara County defendants and they wrongfully denied producing discovery (Docket No. 26, Pl. Motion to Compel Discovery at 1). Plaintiff seeks all institutional grievances by any inmate or employee regarding conditions in the Niagara County Jail's punitive segregation unit, dietary system, and any other function that effects the well being of inmates from 2000 to 2010; records (from 2005 to 2010) of the number of inmates placed on a high protein or weight gain diets as a result of losing weight while in the Niagara County Jail; records (from 2007) reflecting the number of inmates removed from a weight gain diet and the reasons behind those decisions (id. at 2). Plaintiff denies that these requests are burdensome, that the information sought is the number of inmates involved in each requested category and not the identity of those inmates (id. at 2-3). Plaintiff also seeks Department of Correctional Services ("DOCS") Directive No. 4933, 4932, New York Correction Law § 137, and the New York State Health Department Dietary Standard and Policy (id. at 3). These same requests were made in his first motion to compel (see generally Docket No. 19). The State defendants add that plaintiff seeks a copy of a disciplinary form, grievances written by plaintiff during his incarceration at the Niagara County Jail, his medical reports while housed there, the "'minimum standards'" for reading materials and

5

disciplinary proceedings, and the Jail's policies and procedures (Docket No. 30, State Defs. Atty. Decl. ¶ 6), although plaintiff's motion does not appear to seek this discovery compelled.

The Niagara County defendants indicate that they responded to plaintiff's discovery demands with some production and making their objections (Docket No. 29, Niagara County Defs. Atty. Decl. ¶ 3, Ex. B), noting that the parties never conferred regarding plaintiff's requests and his present motion to compel (id. ¶ 4). Plaintiff's motion lacks a certification of any good faith attempt to resolve this matter short of a motion (id. ¶ 5), and the Niagara County defendants argue that these rules regarding discovery and motions to compel apply to inmate plaintiffs as well (id. ¶ 6, citing Fox v. Poole, No. 06CV148, 2007 WL 837117, at *3 (W.D.N.Y. Mar. 15, 2007) (Scott, Mag. J.) (although incarcerated, inmate plaintiff is not exempt from Rule 37(a)(2)(A) certification requirement, even if means to confer are restricted due to plaintiff's confinement). The Niagara County defendants contend that they do not organize the grievance records as plaintiff seeks them produced, that several thousand grievances were filed between 2000 and 2010 and that each grievance would have to be reviewed to determine if it is responsive to plaintiff's demand, an overbroad and unduly burdensome demand (id. ¶¶ 9-10), see Treadway v. Voutour, No. 10CV42, 2011 U.S. Dist. LEXIS 81393, at *7-9, 2011 WL 3159102 (W.D.N.Y. July 26, 2011) (Arcara, J.) (demand to review 927 grievances filed in 2008-10 at the Niagara County Jail found to be overbroad). According to Daniel Engert, administrative captain for the Correction Division of the Niagara County Sheriff's Office, there are almost 1,300 grievances filed between 2007 and 2010 with Engert estimate 2,100 grievances filed before 2007, and that they are filed by inmate name and grievance number only (id., Engert Decl. ¶¶ 1, 7, 6, 9). Plaintiff's demand would require reviewing by hand these grievances, only those after 2007

being stored electronically; the earlier grievances are in boxes in paper format (id., Engert Decl. ¶¶ 8, 9). The Niagara County defendants also contend that production of the medical records for the other inmates showing which diets they were placed on would also be burdensome as well as impact the privacy rights of those inmates (see Docket No. 29, Niagara County Defs. Atty. Decl. ¶¶ 12-16, 17-18; id., Engert Decl. ¶¶ 10-12). As for the regulations and statutes plaintiff seeks, these defendants argue that they are public records available on Lexis, which plaintiff has access to (and used) while he is housed at the Niagara County Jail (Docket No. 29, Niagara County Defs. Atty. Decl. ¶¶ 19-21; id., Engert Decl. ¶ 13). Furthermore, the regulations sought govern New York State Department of Correctional Services' facilities and not county jails, hence the Niagara County defendants question whether their disclosure would lead to the discovery of admissible evidence (id. ¶ 22).

In reply, plaintiff states that defendants needed to categorize the grievances so that his document demands can be met (Docket No. 34, Pl. Response at 1-2). He reiterates that there are no privacy concerns from his requests for information about the number of inmates on certain diets because he is not seeking the names of the inmates involved (id. at 2). Finally, he asserts generally his good faith effort to resolve these matters short of this motion, noting the recalcitrance of defendants in responding to his discovery demands (id. at 2, 4).

## DISCUSSION

I.  Applicable Standard

Discovery under the Federal Rules is intended to reveal relevant documents and testimony, but this process is supposed to occur with a minimum of judicial intervention. See 8A Charles A. Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure

§ 2288, at 655-65 (Civil 2d ed. 1994). Federal Rule of Civil Procedure 37(a) allows a party to apply to the Court for an order compelling discovery, with that motion including a certification that the movant in good faith conferred or attempted to confer with the party not making the disclosure to secure that disclosure without court intervention. Fed. R. Civ. P. 37(a)(2)(A). As noted by this Court in <u>Fox</u>, <u>supra</u>, 2007 WL 837117, at *3, the certification requirement applies to inmates. In <u>Fox</u>, however, the Court granted (at least in part) that inmate plaintiff's motion to compel, <u>id.</u>

Rule 34(b)(2)(E)(i) provides the manner for production of documents that, unless otherwise stipulated or ordered by this Court, "a party must produce documents <u>as they are kept in the usual course of business</u> or must organize and label them to correspond to the categories of the request" (emphasis added).

II.   Application

    A.   Certification of Good Faith

Plaintiff's statement in reply regarding the certification requirement only discusses defendants' response to his original demands, that defendants are avoiding disclosure "by use of technical terms and sophistry" and that defendants' response to this motion "is indicative of the contention that he was incline[d] [sic] to encounter from the defendants" hence plaintiff filed this motion (Docket No. 34, Pl. Reply at 2, 4). But the certification process is required to have the movant first attempt to resolve this dispute without judicial intervention or have the movant show the impossibility of such a resolution. Plaintiff clearly has not shown that he tried to raise this issue with defendants after they objected to his discovery demands and responded as they did. Plaintiff also does not show that, due to his incarceration or other barriers, he was physically

unable to reach out to defense counsel to try to resolve this matter short of motion. On the absence of this certification alone plaintiff's motion should be **denied**, but this Court next addresses the merits of plaintiff's motion.

    B.    Plaintiff's Demands

Looking at each demand, plaintiff's request for all grievances for a ten-year period in certain specified categories is overbroad and burdensome. To obtain the subset of responsive grievances (if any exist), the Niagara County defendants would have to review thousands of grievances. Such a review has been held by this Court to be unduly burdensome and not compelled, Treadway, supra, 2011 U.S. Dist. LEXIS 81393, at *8-9. Despite plaintiff's contrary argument, defendants are not obligated under the Federal Rules to organize their records to suit plaintiff's discovery demands and plaintiff cites no authority to the contrary. Rule 34(b)(2)(E) gives the responding party the option either to produce the documents in the manner they usually keep the records or produce them in the categories sought; that rule does not require the responding party to alter their record keeping to meet the movant's discovery categories, In re Adelphia Communications Corp., 338 B.R. 546, 551 (Bankr. S.D.N.Y. 2005) (citing cases); Pass & Seymour, Inv. v. Hubbell, Inc., 255 F.R.D. 331, 334 (N.D.N.Y. 2008) (Peebles, Mag. J.) (under Rule 34(b)(2), the responding party clearly controls the manner of production and which of two methods would be employed); Five Borough Bicycle Club v. City of N.Y., No. 07 Civ. 2448, 2008 WL 704209, at *2 (S.D.N.Y. Mar. 10, 2008) (city made documents available to plaintiffs as they were kept in the usual course of business, as inconvenient as this may have been to plaintiffs); see Wright & Miller, Federal Practice and Procedure § 2213 (Civil 2011, available on Westlaw) (in first instance, the responding party should retain right to choose between

production formats under Rule 34(b)); Edward F. Sherman & Stephen O. Kinnard, <u>Federal Court Discovery in the 80's–Making the Rules Work</u>, 95 F.R.D. 245, 258 (1981) (commentators assume that responding party decides whether to produce records in usual course of business or in categories sought by requesting party). The responding party producing documents in the usual course of business bears the burden of demonstrating that the documents produced were in fact maintained in that manner in the usual course of business, <u>Pass & Seymour</u>, <u>supra</u>, 255 F.R.D. at 333, 334. Having chosen the usual course of business alternative in producing documents, a responding party need not categorize the production or label and organize them to correspond to a specific request, <u>CP Solutions PTE, Ltd. v. General Elec. Co.</u>, No. 3:04cv21590(JBA)(WIG), 2006 WL 1272615, at *3 (D. Conn. Feb. 6, 2006) (Garfinkel, Mag. J.); <u>see</u> <u>Wrenn v. Board of Directors, Whitney M. Young, Jr. Health Center, Inc.</u>, No. 85CV1096, 1989 WL 23135, at *2 (N.D.N.Y. Feb. 21, 1989) (denying sanctions motion where records were produced in manner they were maintained in ususal course of business and not in categories sought by plaintiff).

If the Niagara County defendants produced these grievances in the manner they are kept in the Jail, plaintiff could insist upon them being produced responding to the categories sought where review of the vast quantity of materials would be unduly burdensome on plaintiff, <u>see</u> <u>Standard Dyeing and Finishing Co. v. Arma Textile Printers Corp.</u>, No. 85 Civ. 5399, 1987 WL 6905, at *2 (S.D.N.Y. Feb. 10, 1987). But since that production is so burdensome on defendants to produce in the first instance, this changing of the manner of production will not be necessary.

Thus, the motion to compel this production is **denied**. Similarly, records of the number of inmates placed on or removed from high protein or weight gain diets over a five-year period is

also overly broad and burdensome (even without disclosing the names of the inmates) and is also **denied**. Despite not disclosing the names of an inmate placed on or removed from such diets, plaintiff's request for the reasons behind such changes may violate the privacy of those unnamed inmates.

Next, plaintiff seeks various regulations and state statutes. As the Niagara County defendants note (see Docket No. 29, Niagara County Defs. Atty. Decl. ¶ 21), these regulations and statutes are available on Lexis that plaintiff has used while housed at the Niagara County Jail (id.; id., Engert Decl. ¶ 13). Absent an allegation by plaintiff that he is deprived access to this legal reference service in the Niagara County Jail, this request is also **denied**.

Finally, it is not clear from plaintiff's motion that he is seeking compelled production of the items listed by the State defendants (a copy of a disciplinary form, grievances written by plaintiff during his incarceration at the Niagara County Jail, his medical reports while housed there, the "'minimum standards'" for reading materials and disciplinary proceedings, and the Jail's policies and procedures).

## CONCLUSION

For the reasons stated above, plaintiff's motion to compel from the Niagara County defendants (Docket No. 26) is **denied**.

So Ordered.

> /s/ Hugh B. Scott
> Honorable Hugh B. Scott
> United States Magistrate Judge

Buffalo, New York
September 23, 2011