UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

MASHAMA HILL,

                              Plaintiff,                    **Hon. Hugh B. Scott**

                                                            10CV538S

                                                            **Order**

              v.

DANIEL STEWART, et al.,

                              Defendants.

Before the Court is plaintiff's second (<u>cf.</u> Docket Nos. 19, 26) motion to compel

discovery from the remaining, non-state, Niagara County defendants in this action and for

sanctions (Docket No. 44[1]).  Responses to this motion initially were due by February 24, 2012

(Docket No. 46), but this was extended to March 9, 2012, at the request of defendants for

additional time (Docket No. 49), with replies due March 21, 2012, and the motion deemed

submitted (without oral argument) on March 22, 2012 (Docket No. 48).

---

[1]In support of this motion, plaintiff submits his motion, Docket No. 44; his Reply (termed
by the Court to be a separate Motion), Docket No. 52.  The reply as a "motion" is **terminated**.
He also submitted a Notice to the Court, Docket No. 50 (dated Feb. 2, 2012, and filed Mar. 5,
2012), which discussed this case and the status of his discovery, <u>id.</u>, at 3-4.
        In response, the Niagara County defendants submitted their attorney's declaration, Docket
No. 51.

BACKGROUND

This is a civil rights action by a pro se plaintiff alleging deprivation of his rights while he was in punitive segregation in the Niagara County Jail.  The defendants can be divided into two groups, the State defendants are Daniel Stewart, the former Chairman of the New York State Commission of Correction, and Thomas Beilein, current Chairman of the New York State Commission of Correction and former Niagara County Sheriff (collectively the "State defendants"); and the Niagara County defendants, Sam Muscarella, acting Niagara County Sheriff; Niagara County Jail major John Saxton; Niagara County Jail Captain Duane Vandetta, and Beilein (for allegations as the Sheriff) (Docket No. 1, Compl.) (Muscarella, Saxton, Vandetta, and Beilein in his former capacity as Niagara County Sheriff will be collectively referred to as the "Niagara County defendants").  Plaintiff alleges claims against Beilein in both his county and state official capacities (see Docket No. 13, Defs. Memo. at 2 n.1).

In March and July 2007, plaintiff was issued written misbehavior reports and found guilty of those charges for a series of misconduct actions and violations of Niagara County Jail rules and was sentenced to the punitive segregation unit time (id. at 1, "Statement of Facts").  This occurred again in August 2008 (id.).  While serving punitive segregation unit time, plaintiff filed grievances contesting the 2007 and 2008 disciplinary hearings that led to his sentence (id. at 1-2).  He also grieved the conditions while in punitive segregation unit time, claiming, for example, that inmates there were denied access to music, a general library, pictures, proper nutrition, medical examinations and evaluations, and any items from visitors (id. at 2).  These grievances were denied and plaintiff appealed the denials to the Commission of Correction which also denied them (id.).  The Commission did find that the facility inappropriately took $2.75 from

2

plaintiff's inmate account deposited by his visitors, and inappropriately denied him books and magazines furnished by visitors (id. at 3).

Plaintiff alleges that he was deprived of his rights under the Fifth, Eighth, and Fourteenth Amendments by being deprived of due process, equal protection of the laws, and being subjected to double jeopardy (id. at 4, "Cause of Action").  Beilein as Niagara County Sheriff and Muscarella (as Acting Sheriff) were responsible for jail administration for the Niagara County Jail, with Saxton responsible for overseeing and managing jail administration, while Vandetta had oversight over the jail grievance process (id.).  Plaintiff claims that defendants deprived him of his rights by "deliberately failing to correct the following conditions" while in the punitive segregation unit:  denying plaintiff music and outside communications outlets, denying photographs, denying general library services, and denying proper nutrition (id. at 4-5).

He next claims that defendants violated state regulations in the manner in which these hearings were conducted.  First, he contends that the disciplinary hearings did not have a recording mechanism for hearings, that he was deprived the right to personally question a witness, and that he was denied the right to receive a signed disciplinary proceeding disposition.  He claims that he was subject to being twice put in jeopardy for the same incident.  Plaintiff also claims that the disciplinary hearing process denied him his right to privacy, since the disciplinary proceeding occurred in front of plaintiff's cell within earshot of other inmates.  (Id.)

As for his detention in punitive segregation, plaintiff also claims that he was deprived of $2.75 in his inmate account and denied books, magazines, and periodicals from visitors (id.).  He alleges that he had "substantial weight loss form lack of proper nutrition while housed" in the Niagara County Jail punitive segregation unit (id. at 5-6), that he suffered constant mental

3

anguish, mood changes, depression, and ambivalence as a result of being deprived of music, pictures, and access to the general library, and the loss of $25 from the facility's money machine (id. at 6).  Plaintiff seeks unspecified amounts of compensatory damages, punitive damages, and declaratory relief that defendants stop taking funds deposited by visitors in inmates' accounts and defendants be ordered to allow books and other reading material be allowed into the facility (presumably into the punitive segregation unit) from visitors (id. at 6-7).

The Niagara County defendants, including Beilein (as former Sheriff), answered on January 31, 2011 (Docket No. 9).  The Court issued a Scheduling Order (Docket No. 11).

Beilein represented by the New York Attorney General later moved (with Stewart) to dismiss claims against him as a New York State official for lack of subject matter jurisdiction and failure to state a claim (Docket No. 13).  They also sought a stay of proceedings during the pendency of this motion to dismiss (id.); this was denied.  They first argue that plaintiff failed to establish their personal involvement to make them liable under 42 U.S.C. § 1983 (id. at 5-8). The State defendants assert that plaintiff's due process rights were not violated and they claim immunity under the Eleventh Amendment (id. at 8-9, 9-10).  This Court recommended granting the State defendants' motion (Docket No. 31) and plaintiff filed his Objections to that Report & Recommendation (Docket No. 32).  These Objections were rejected by Chief Judge Skretny (Docket No. 43, Order of Jan. 24, 2012), dismissing claims against some of the state defendants.

Meanwhile, the Niagara County defendants exchanged discovery with plaintiff (Docket Nos. 15, 16) and plaintiff moved to compel discovery from them (Docket No. 26; cf. Docket No. 19, plaintiff's first attempt at filing motion).  This Court denied that motion (Docket No. 36).

*Plaintiff's Second Motion to Compel*

Plaintiff sent a notice to this Court that the Niagara County defendants had failed to respond to his discovery (Docket No. 45, Notice dated Dec. 23, 2011, filed Jan. 19, 2012). Plaintiff has been moved several times since being in the Niagara County jail and even during the course of this action.  He alleges that on December 28, 2011, the United States Marshal took plaintiff into custody and moved him from the Allegany County Jail, seizing his property (Docket No. 44, Motion at 2).  This second motion (including the reply "motion," Docket No. 52) renew earlier discovery requests responded to by defendants but lost during plaintiff's moves.   He claims that the Niagara County defendants had not responded to his earlier discovery demands, including requests to take depositions (Docket No. 44, Pl. Motion, at 1-2).  Since the Niagara County defendants failed to respond, he seeks sanctions (id. at 2).  He also includes not previously sought, arguing that with the grant of additional time allowed plaintiff to seek additional discovery (see Docket No. 50, Pl. Notice at 3-4).  Neither party, however, has produced the additional discovery now sought.

The Niagara County defendants respond that they have responded to plaintiff's discovery demands more than once and did so again in response to his motion (Docket No. 51, Defs. Atty. Decl. ¶ 2, Exs. A (defendants' response to request for discovery, dated Mar. 9, 2012, with document), B (response to Plaintiff's Interrogatories, also dated Mar. 9, 2012)).  Defendants offered to produce other materials for in camera inspection prior to producing to plaintiff (id. ¶ 3).  In their response, defendants objected to some responses (see id. Exs. A, B).

Plaintiff filed with papers in this action papers from another action, Hill v. Curcione, No. 07CV357, where defense counsel was the same as the counsel in this case, cf. W.D.N.Y.

Loc. Civ. R. 5.2, which provides that "where a pro se litigant has more than one action pending,

any motion or other papers purporting to relate to more than one action will not be accepted for

filing, except upon a finding of good cause.  A motion or other papers shall be directed to the

issues raised in one action only, and shall be filed only in that action."  Pursuant to this Court's

Local Civil Rule 5.2(f), plaintiff filed his discovery demands (Docket Nos. 40-42) but defendants

have not filed the discovery responses.

Under the current Scheduling Order (Docket No. 11), discovery was to be completed by

July 1, 2011, and that Order was amended to have dispositive motions due by May 31, 2012

(Docket No. 47).

DISCUSSION

I.      Applicable Standard

Discovery under the Federal Rules is intended to reveal relevant documents and

testimony, but this process is supposed to occur with a minimum of judicial intervention.  See

8A Charles A. Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure

§ 2288, at 655-65 (Civil 2d ed. 1994).  Federal Rule of Civil Procedure 37(a) allows a party to

apply to the Court for an order compelling discovery, with that motion including a certification

that the movant in good faith conferred or attempted to confer with the party not making the

disclosure to secure that disclosure without court intervention.  Fed. R. Civ. P. 37(a)(2)(A).  As

noted by this Court in Fox, supra, 2007 WL 837117, at *3, the certification requirement applies

to inmates.  In Fox, however, the Court granted (at least in part) that inmate plaintiff's motion to

compel, id.

Rule 34(b)(2)(E)(i) provides the manner for production of documents that, unless otherwise stipulated or ordered by this Court, "a party must produce documents <u>as they are kept in the usual course of business</u> or must organize and label them to correspond to the categories of the request" (emphasis added).

The Local Civil Rules of this Court require the <u>pro se</u> party and his or her opponent to file discovery, W.D.N.Y. Loc. Civ. R. 5.2(f) ("notwithstanding the provisions of Federal Rule of Civil Procedure 5(d)(1), <u>all</u> discovery materials in pro se cases shall be filed with the Court," emphasis added). One of the purposes of this rule is to avoid the situation now facing this plaintiff, where he loses his legal files and is compelled to seek defendants to re-produce their discovery. Another purpose is for the Court to have a record of the discovery involved with the <u>pro se</u> case.

II.     Application

    A.     Re-Production of Discovery Once Produced but Lost

Plaintiff contends that he had his legal papers, including discovery in this action, taken by the United States Marshal in a move from one facility to another (Docket No. 44, Pl. Motion at 2). Defendants are in Niagara County and had nothing to do with plaintiff's relocation or the disposition of his papers. Unlike cases where inmate plaintiffs are transferred within the state correctional system and lose or claim that their litigation papers had been taken, plaintiff's loss was due to the actions of a non-party. The Niagara County defendants are not obliged to re-serve discovery, and respond again here in response to this latest motion (<u>see</u> Docket Nos. 49, 51).

Plaintiff argues that the Niagara County defendants failed to respond initially to his discovery demands, noting that the discovery deadline was January 31, 2012 (Docket No. 44, Pl.

7

Motion at 2; cf. Docket No. 39, Order of Nov. 22, 2011), while filing his motion on January 27,

2012.  Even if these defendants delayed in responding to plaintiff's initial discovery demands,

they did serve him with discovery responses (see Docket No. 49).

Plaintiff has not shown that the Niagara County defendants are required to serve again

discovery that he lost due to the alleged actions of non-parties.  His motion to compel (and

sanctions for non-compliance) is **denied**.  To comply with this Court's Local Civil Rule 5.2(f),

the Niagara County defendants are to file whatever discovery responses not previously filed as

responsive to this motion with the Court.

B.      Newly Sought Discovery

Plaintiff, after the expiration of discovery, now seeks to add to the discovery that is

missing.  He also seeks discovery of Niagara County grievances regarding inmate dietary plans

and medical logs (Docket No. 52, Pl. Memo. at 3) that he previously sought (see Docket No. 26)

which were denied by this Court as being burdensome (Docket No. 36, Order of Sept. 23, 2011,

at 9-10).  He seeks to depose defendants (Docket No. 52, Pl. Notice of Request and Intention to

Depose Defendants).  Given that plaintiff is now in United States Marshal's custody in an Ohio

jail, logically his pro se deposition of the Niagara County defendants would be impossible; this

request is **denied**.  Further, deposition by written questions, cf. Fed. R. Civ. P. 31, is not

necessary since plaintiff posed (and defendants answered, see Docket No. 51, Defs. Atty. Decl.,

Ex. B) Interrogatories.

CONCLUSION

For the reasons stated above, plaintiff's motion to compel from the Niagara County defendants (Docket No. 44) is **denied**.  Defendants are to file whatever discovery responses that have yet to be filed in this action.  Plaintiff's reply motion (Docket No. 52) is **terminated**.

So Ordered.

_____/s/ Hugh B. Scott_____
Honorable Hugh B. Scott
United States Magistrate Judge

Buffalo, New York
April 12, 2012